# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AARON M. MIHALJEVICH, | Case No.: 2:18-cv-02234-APG |
| Appellant | **Order (1) Denying as Moot Motion to Provide Response Brief and (2) Affirming Magistrate Judge Decision** |
| v. | |
| UNITED STATES OF AMERICA, | [ECF Nos. 1, 12] |
| Appellee | |

Appellant Aaron Mihaljevich appeals Magistrate Judge Hoffman's decision finding Mihaljevich guilty of violating 36 C.F.R. § 7.48(c) because he left his pickup truck and trailer parked in Parking Lot C at Lake Mead National Recreational Area for more than seven days. Section 7.48(c) provides:

> Vehicles or boat trailers, or vehicle/boat trailer combinations, may be left unattended for periods up to 7 days, when parked in parking areas adjacent to designated boat launching sites, without written permission obtained in advance from the superintendent. Any vehicle or boat trailer or vehicle/boat trailer combination which is left in parking areas adjacent to designated boat launching sites in excess of 7 days without written permission obtained in advance from the superintendent may be impounded by the superintendent.

Mihaljevich argues that Judge Hoffman erred in interpreting the word "unattended" in § 7.48(c) because Mihaljevich did not abandon his vehicle or leave it unattended for seven days and because there "is no guidance or policy indicating how far a vehicle needs to be moved or for how long it needs to be moved in order to 'reset' the parking limits imposed." ECF No. 6 at 8. He thus asserts that Judge Hoffman's interpretation of the regulation was "subjective." *Id.*

The United States responds that there was sufficient evidence to support Judge Hoffman's finding of guilt. The United States also argues that to the extent Mihaljevich is arguing the regulation is void for vagueness, he did not present this issue at trial, so it is waived.

The United States contends that if the reference to a "subjective" decision is another way of arguing Judge Hoffman made incorrect factual findings, the credibility of witnesses and weighing of evidence were matters for Judge Hoffman, so long as sufficient evidence was presented at trial to sustain the finding of guilt.

Under Federal Rule of Criminal Procedure 58(g)(2)(B), a "defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." The record on appeal "consists of the original papers and exhibits in the case; any transcript, tape, or other recording of the proceedings; and a certified copy of the docket entries." Fed. R. Crim. P. 58(g)(2)(C). "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

**A. Sufficiency of the Evidence**

For a challenge to the sufficiency of the evidence following a bench trial, I determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018) (quotation and emphasis omitted).

Judge Hoffman credited the testimony of Paul Weltzer, a park ranger at Lake Mead National Recreation area. Weltzer testified that he viewed Mihaljevich's pickup truck and boat trailer parked in the same spot in Lot C for nine consecutive days. Weltzer kept a log for Lot C to track how long vehicles were parked in the lot. His log shows Mihaljevich's vehicle was parked in the lot from June 17 through June 25, 2018. Weltzer testified that he checked the lot even on his days off so that he could monitor vehicles in the lot. On June 23, Weltzer placed red tags on Mihaljevich's vehicle to notify the owner that abandoned property may be impounded.

On June 25, Weltzer had Mihaljevich's truck and trailer (as well as other vehicles in the lot) towed. Weltzer then issued Mihaljevich a citation for keeping his vehicle in Lot C for more than seven days.

Mihaljevich testified that he took the boat out onto the Lake and broke down during this period, so he had moved his truck, trailer, and boat during the nine-day period. He suggested that Weltzer must have missed the fact that the boat was moved during Weltzer's days off.

Magistrate Judge Hoffman found Weltzer's testimony credible that he maintained a log on vehicles in Lot C for nine days in a row and that the truck and trailer were in the lot for nine consecutive days. Judge Hoffman noted that even if the boat was removed from the trailer, the truck and trailer were parked in Lot C for nine days, so Judge Hoffman found Mihaljevich guilty of violating § 7.48(c).

This decision was supported by substantial evidence in the form of Weltzer's testimony, his log, and pictures taken of the truck and trailer in the lot. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the violation beyond a reasonable doubt.

**B. "Unattended"**

Mihaljevich's argument regarding the meaning of "unattended" is irrelevant. As Judge Hoffman explained, there are two sentences to § 7.48(c). The first sentence allows vehicles to be left unattended for up to seven days without advanced written permission. The second sentence states that any vehicle (whether attended or unattended) that is left in parking areas adjacent to designated boat launching sites in excess of seven days without advanced written permission may be impounded. Judge Hoffman found the truck and trailer were parked in the lot for more than seven days, and there was no evidence Mihaljevich had advanced written permission. Judge

Hoffman's decision did not turn on the meaning of "unattended," so Mihaljevich's arguments about what that word means do not change the result.

**C. Conclusion**

I ORDER the clerk of court to seal ECF No. 2 because it contains a social security number.

I FURTHER ORDER that plaintiff Aaron Mihaljevich's motion for the United States to provide a response brief **(ECF No. 12) is DENIED as moot** because the United States provided him copies via email and through regular postal service.

I FURTHER ORDER that Magistrate Judge Hoffman's finding of guilt on citation number 6709914/N6 is **AFFIRMED**. The clerk of court is instructed to close this case.

DATED this 6th day of March, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE